1

2

3

4

5

6

7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON, SEATTLE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

| | |
|---|---|
| TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA, a foreign insurer,<br><br>                                    Plaintiff,<br><br>v.<br><br>AF EVANS COMPANY, a California corporation; AFE SPINNAKER, a Washington limited liability corporation, AF EVANS DEVELOPMENT INC., a California corporation, RICHARD BELL, an individual, JACK ROBERTSON, an individual, TORY LAUGHLIN TAYLOR, an individual, and ESPLANADE CONDOMINIUM ASSOCIATION, a Washington non-profit corporation,<br><br>                                    Defendants. | NO.  CV-10-01110-JCC<br><br>**SECOND AMENDED ANSWER, AFFIRMATIVE DEFENSES, COUNTERCLAIMS AND THIRD PARTY COMPLAINT OF DEFENDANTS THE ESPLANADE CONDOMINIUM ASSOCIATION, AFE SPINNAKER, LLC, AF EVANS DEVELOPMENT, INC., JOHN ROBERTSON, TORY LAUGHLIN-TAYLOR, AND ROBERT BELL**<br><br><br>**<u>JURY DEMAND</u>** |
| AFE SPINNAKER, a Washington limited liability corporation, AF EVANS DEVELOPMENT INC., a California corporation, RICHARD BELL, an individual, JACK ROBERTSON, an individual, TORY LAUGHLIN TAYLOR, an individual, and ESPLANADE CONDOMINIUM ASSOCIATION, a Washington non-profit corporation,<br><br>                                    Third Party Plaintiffs, | |

SECOND AMENDED ANSWER, AFFIRMATIVE DEFENSES,
COUNTERCLAIMS THIRD PARTY COMPLAINT - 1

CV-10-01110-JCC

v.

STEADFAST INSURANCE COMPANY, a
Delaware corporation, and HEFFERNAN
INSURANCE BROKERS, a California
corporation,

Third Party Defendants.

COME NOW the defendants The Esplanade Condominium Association, AFE Spinnaker, LLC, AF Evans Development, Inc., John Robertson, Tory Laughlin-Taylor, and Robert Bell, and by way of Answer to Plaintiff's Complaint, admit, deny and aver as follows:

## I.    ANSWER

1.1    Answering plaintiff's Complaint at paragraph 1.1, Admit.

1.2    Answering plaintiff's Complaint at paragraph 1.2, Admit that AF Evans Company ("AFECO") is a California corporation.  Deny that AFECO is the sole owner of AFE Spinnaker, LLC ("Spinnaker").  Admit that Spinnaker is a Washington limited liability company.  Deny that Spinnaker was the "developer" of the Esplanade Condominiums ("the Project"), because that term is not defined. Aver that Spinnaker signed the declaration of condominium for the Project as its declarant.

1.3    Answering plaintiff's Complaint at paragraph 1.3, Admit that Spinnaker is a Washington limited liability company (not "corporation.")  Admit that Spinnaker at certain times owned the Project.  Deny that Spinnaker was the "developer" of the Project, because that term is not defined.  Aver that Spinnaker signed the declaration of condominium for the Project as its declarant.

1.4    Answering plaintiff's Complaint at paragraph 1.4, Admit.

SECOND AMENDED ANSWER, AFFIRMATIVE DEFENSES,
COUNTERCLAIMS THIRD PARTY COMPLAINT - 2

CV-10-01110-JCC

STEIN, FLANAGAN, SUDWEEKS & HOUSER
901 FIFTH AVENUE, SUITE 3000
SEATTLE, WA 98164
PHONE 206.388.0660   FAX 206.286.2660

1.5     Answering plaintiff's Complaint at paragraph 1.5, Deny that Bell is a resident of Washington state.  Admit that Bell is a corporate officer of AFECO.

1.6     Answering plaintiff's Complaint at paragraph 1.6, Deny that Robertson is a resident of Washington state.  Deny that Robertson was a corporate officer of Spinnaker during conversion of the Project to condominiums.

1.7     Answering plaintiff's Complaint at paragraph 1.7, Admit that Tory Laughlin-Taylor is a resident of Washington State.  Deny that Laughlin-Taylor was a corporate officer of Spinnaker during conversion of the Complex to condominiums.

1.8     Answering plaintiff's Complaint at paragraph 1.8, Admit that The Esplanade Condominium Association ("the Association") is a Washington not-for-profit corporation.  Admit that it is located and has its principle place of business in Kirkland, Washington.

1.9     Answering plaintiff's Complaint at paragraph 2.1, Admit.

1.10    Answering plaintiff's Complaint at paragraph 2.2, Admit.

1.11    Answering plaintiff's Complaint at paragraph 3.1, Admit that the Project contains 168 units, and is located in Kirkland, Washington. The answering defendants lack sufficient information to admit or deny the dates of construction of the Project.

1.12    Answering plaintiff's Complaint at paragraph 3.2, Deny.  AFECO signed an agreement to purchase the project, but transferred its rights under that agreement to Spinnaker.  Ownership was deeded directly from the seller, Knickerbocker Properties, to Spinnaker.

1.13    Answering plaintiff's Complaint at paragraph 3.3, Admit that AFECO created Spinnaker to serve as declarant for the Project.  Deny that AFECO created Spinnaker "to conduct the operation."  Deny that AFECO is the sole member of Spinnaker.

SECOND AMENDED ANSWER, AFFIRMATIVE DEFENSES,
COUNTERCLAIMS THIRD PARTY COMPLAINT - 3

CV-10-01110-JCC

STEIN, FLANAGAN, SUDWEEKS & HOUSER
901 FIFTH AVENUE, SUITE 3000
SEATTLE, WA 98164
PHONE 206.388.0660   FAX 206.286.2660

1.14     Answering plaintiff's Complaint at paragraph 3.4, paragraph 3.4 is vague as to the meaning of "assigned its rights" and "the process of converting," such that the answering defendants are unable to admit or deny.  However, answering defendants admit that Spinnaker acquired the Project from Knickerbocker Properties after AFECO assigned its rights under a purchase and sale agreement to Spinnaker, and that Spinnaker in fact signed the Project declaration of condominium as declarant.

1.15     Answering plaintiff's Complaint at paragraph 3.5, Admit that there were certain repairs to the interior of the Project buildings.  Deny that Spinnaker "made" those repairs.  Deny that dispute remains in the "underlying case" (which is not defined by plaintiff, but is presumed to mean King County Superior Court Cause No. 08-2-41943-6 SEA) regarding whether any work was performed on the exterior of the Project.

1.16     Answering plaintiff's Complaint at paragraph 3.6, Admit that the last sale of a unit in the Project by Spinnaker to a bona fide purchaser occurred in 2007.

1.17     Answering plaintiff's Complaint at paragraph 3.7, Defendants lack sufficient information to admit or deny what "owners" might or might not have noted, and when.

1.18     Answering plaintiff's Complaint at paragraph 4.1, Admit that the Association (there is no "The Esplanade Homeowners Association" as referenced in the Complaint) served Spinnaker's registered agent with a Complaint in King County Superior Court Cause No. 08-2-41943-6 SEA ("the underlying lawsuit), the allegations of which speak for themselves.  Deny that such service occurred on December 22, 2008.

1.19     Answering plaintiff's Complaint at paragraph 4.2, Deny that Spinnaker never entered an appearance in the underlying lawsuit.  Admit that an order of default was entered

SECOND AMENDED ANSWER, AFFIRMATIVE DEFENSES, COUNTERCLAIMS THIRD PARTY COMPLAINT - 4

CV-10-01110-JCC

STEIN, FLANAGAN, SUDWEEKS & HOUSER
901 FIFTH AVENUE, SUITE 3000
SEATTLE, WA 98164
PHONE 206.388.0660   FAX 206.286.2660

against Spinnaker on June 23, 2009.  Admit that an order granting default judgment was entered against Spinnaker on May 28, 2010.

1.20     Answering plaintiff's Complaint at paragraph 4.3, Deny.

1.21     Answering plaintiff's Complaint at paragraph 4.4, Admit.

1.22     Answering plaintiff's Complaint at paragraph 5.1, Answering defendants admit that Travelers insured AFECO and Spinnaker, but lack sufficient information to admit or deny the remaining allegations of this paragraph.

1.23     Answering plaintiff's Complaint at paragraph 5.2, Admit that Spinnaker, AFECO and AF Evans Development ("AFED") tendered defense of the claims to Travelers no later than November 19, 2009.  Answering defendants lack sufficient knowledge to admit or deny whether Travelers may or may not have had notice prior to that date.  Deny all other allegations of this paragraph.

1.24     Answering plaintiff's Complaint at paragraph 5.3, Admit that Travelers acknowledged receipt of the tender.  Deny that Travelers immediately began an investigation of the claim and coverage.

1.25     Answering plaintiff's Complaint at paragraph 5.4. Admit that after an inexcusable and bad-faith delay of five months, Travelers issued a purported reservation-of-rights letter, and agreed to defend AFECO and Spinnaker.  Aver that Travelers only roused itself to appoint defense counsel when it became aware that its insured was in immediate danger of having judgment entered against it in excess of $8 million.  Aver that Travelers' purported reservation of rights was not timely or effective to reserve any right to deny coverage.   Admit that Travelers assigned defense counsel to defend AFECO and Spinnaker, again after an inexcusable and bad-faith delay of five months.

SECOND AMENDED ANSWER, AFFIRMATIVE DEFENSES,
COUNTERCLAIMS THIRD PARTY COMPLAINT - 5

CV-10-01110-JCC

STEIN, FLANAGAN, SUDWEEKS & HOUSER
901 FIFTH AVENUE, SUITE 3000
SEATTLE, WA 98164
PHONE 206.388.0660   FAX 206.286.2660

1.26    Answering plaintiff's Complaint at paragraph 5.5, Admit that a Travelers policy insuring AFECO and Spinnaker and others was in force during the period 6/9/05 through 6/9/06. Deny all other allegations of this paragraph.

1.27    Answering plaintiff's Complaint at paragraph 5.6, Admit.

1.28    Answering plaintiff's Complaint at paragraph 5.7, Deny.

1.29    Answering plaintiff's Complaint at paragraph 5.8, Admit that RSUI accepted tenders by AFECO, AFED, Robertson, Laughlin-Taylor, and Bell, and that it later appointed counsel for Spinnaker, after a Motion for Default Judgment was noted against Spinnaker.  Deny that RSUI "accepted the tender of defense" of Spinnaker.  Admit that RSUI eventually provided a defense for all defendants (except Esplanade).

1.30    Answering plaintiff's Complaint at paragraph 6.1, Answering defendants repeat and reiterate its answers to all prior paragraphs.

1.31    Answering plaintiff's Complaint at paragraph 6.2, Deny.

1.32    Answering plaintiff's Complaint at paragraph 6.3, Answering defendants are unable to admit or deny this allegation, as it is a vague, incomplete and inaccurate description of coverage available under the policies; answering defendants therefore deny.  Aver that the terms of the applicable Travelers policies speak for themselves.  Moreover, answering defendants do specifically deny that there is any requirement in Travelers' policies that covered property damage "results from the work of an insured…"

1.33    Answering plaintiff's Complaint at paragraph 6.4, while answering defendants admit that there is a justiciable dispute over the question of coverage under the policies issued by Travelers and Travelers' bad faith, answering defendants deny that paragraph 6.4 accurately describes the nature of the dispute, and therefore denies.

SECOND AMENDED ANSWER, AFFIRMATIVE DEFENSES, COUNTERCLAIMS THIRD PARTY COMPLAINT - 6

CV-10-01110-JCC

STEIN, FLANAGAN, SUDWEEKS & HOUSER
901 FIFTH AVENUE, SUITE 3000
SEATTLE, WA 98164
PHONE 206.388.0660   FAX 206.286.2660

1.34    Answering plaintiff's Complaint at paragraph 6.5, Answering defendants are unable to admit or deny this allegation, as it is a vague, incomplete and inaccurate description of exclusions under the policies and ignores other provisions of the policy; answering defendants therefore deny.  Aver that the terms of the applicable Travelers policies speak for themselves.

1.35    Answering plaintiff's Complaint at paragraph 6.6, Deny.

1.36    Answering plaintiff's Complaint at paragraph 6.7, Answering defendants are unable to admit or deny this allegation, as it is a vague, incomplete and inaccurate description of an exclusion under the policies and ignores other provisions of the policy; answering defendants therefore deny.  Aver that the terms of the applicable Travelers policies speak for themselves.

1.37    Answering plaintiff's Complaint at paragraph 6.8, Deny.

1.38    Answering plaintiff's Complaint at paragraph 6.9, Answering defendants are unable to admit or deny this allegation, as it is a vague, incomplete and inaccurate description of an exclusion under the policies and ignores other provisions of the policy; answering defendants therefore deny.  Aver that the terms of the applicable Travelers policies speak for themselves.

1.39    Answering plaintiff's Complaint at paragraph 6.10, Deny.

1.40    Answering plaintiff's Complaint at paragraph 6.11, Admit that certain policies contain a "Non Cumulation of Each Occurrence Limit of Liability," the terms of which speak for themselves. Deny all other allegations of this paragraph.

1.41    Answering plaintiff's Complaint at paragraph 6.12, Deny.

1.42    Answering plaintiff's Complaint at paragraph 6.13, Deny.

1.43    Answering plaintiff's Complaint at paragraph 6.14, Deny.

SECOND AMENDED ANSWER, AFFIRMATIVE DEFENSES,
COUNTERCLAIMS THIRD PARTY COMPLAINT - 7

CV-10-01110-JCC

STEIN, FLANAGAN, SUDWEEKS & HOUSER
901 FIFTH AVENUE, SUITE 3000
SEATTLE, WA 98164
PHONE 206.388.0660   FAX 206.286.2660

1.44    Answering plaintiff's Complaint at paragraph 6.15, Admit that the policies contain conditions regarding notice of "suits" and "occurrences."   Aver that the terms of the applicable Travelers policies speak for themselves in this regard.

1.45    Answering plaintiff's Complaint at paragraph 6.16, Admit.

1.46    Answering plaintiff's Complaint at paragraph 6.17, Deny.

1.47    Answering plaintiff's Complaint at paragraph 6.18, Answering defendants lack sufficient information to admit or deny when Travelers first had notice of the claim or suit, and therefore deny.

1.48    Answering plaintiff's Complaint at paragraph 6.19, Deny.

1.49    Answering plaintiff's Complaint at paragraph 6.20, Deny.

1.50    Answering plaintiff's Complaint at paragraph 6.21, Deny.

1.51    Answering plaintiff's Complaint at paragraph 7.1, Answering defendants repeat and reiterate its answers to all prior paragraphs.

1.52    Answering plaintiff's Complaint at paragraph 7.2, Deny.

1.53    Answering plaintiff's Complaint at paragraph 7.3, Deny that Travelers is entitled to declaratory relief.

## II.    AFFIRMATIVE DEFENSES

By way of further Answer and Affirmative Defense, answering defendants allege as follows:

2.1    Travelers materially breached its contracts of insurance by failing to timely or reasonably investigate the claims against its insureds.

2.2    Travelers materially breached its contracts of insurance by failing in a timely manner to undertake the defense of its insureds.

SECOND AMENDED ANSWER, AFFIRMATIVE DEFENSES, COUNTERCLAIMS THIRD PARTY COMPLAINT - 8

CV-10-01110-JCC

STEIN, FLANAGAN, SUDWEEKS & HOUSER
901 FIFTH AVENUE, SUITE 3000
SEATTLE, WA 98164
PHONE 206.388.0660  FAX 206.286.2660

2.3     Travelers materially breached its contracts of insurance by purporting to reserve the right to deny coverage on grounds that were unreasonable and/or unsupported by law.

2.4     Travelers materially breached its contracts of insurance in that defense counsel appointed by it failed to take reasonable and necessary steps to defend Travelers' insureds.

2.5     Travelers materially breached its contracts of insurance by unreasonably appointing a single defense attorney for insureds who had conflicts of interest, and by not securing a waiver of such conflicts.

2.6     Travelers materially breached its contracts of insurance by failing to appoint defense counsel to defend Jack Robertson and/or Tory Laughlin-Taylor, and/or Robert Bell in the underlying lawsuit.

2.7     Travelers materially breached its contracts of insurance by failing to make reasonable offers of settlement, and/or failing to accept reasonable offers of settlement, within its applicable policy limits.

2.8     Travelers materially breached its contracts of insurance by failing to pay is share of defense costs for answering defendants.

2.9     Some or all of the above breaches of contract by Travelers amount to unreasonable denial of policy benefits, and bad faith.

2.10    Travelers further acted in bad faith with respect to its insureds by misrepresenting facts and insurance policy provisions to its insured, by failing to act reasonably promptly upon communications with respect to claim arising under its policies, by failing to adopt and implement reasonable standards for the prompt investigation of a claim occurring in Washington state, by refusing to pay claims without conducting a reasonable investigation, by failing to promptly explain the basis in facts or applicable law in relation to denial of a claim, and by

SECOND AMENDED ANSWER, AFFIRMATIVE DEFENSES,
COUNTERCLAIMS THIRD PARTY COMPLAINT - 9

CV-10-01110-JCC

STEIN, FLANAGAN, SUDWEEKS & HOUSER
901 FIFTH AVENUE, SUITE 3000
SEATTLE, WA 98164
PHONE 206.388.0660   FAX 206.286.2660

1    unreasonably failing to complete its investigation within 30 days after receiving the tender of

2    defense.

3        2.11    Travelers is estopped to deny coverage to its insureds by reason of its failure to

4    defend and/or its bad faith conduct.

5        2.12    Travelers is estopped to deny coverage based on its failure to reserve the right to

6    deny coverage in a timely fashion.

7        2.13    Travelers has failed to properly join a necessary party.

8
9        2.14    Travelers has waived some or all of its coverage defenses.

10       2.15    Travelers materially breach its contracts of insurance by refusing to indemnify

11   AFECO and Spinnaker for the judgment entered against them for $5,121,009.

12       WHEREFORE, having fully answered Traveler's Complaint, answering defendants pray

13   that Travelers be denied any and all declaratory relief, and that answering defendants be awarded

14   their costs and attorney fees under *Olympic Steamship, Inc. v. Centennial Insurance Co.*, 117

15   Wn.2d 37, 811 P.2d 673 (1991).

16

17                    **III.    COUNTERCLAIMS AND THIRD PARTY CLAIMS**

18       By way of counterclaims, defendant Esplanade Condominium Association ("the

19   Association") alleges as follows:

20       **3.1    PARTIES AND JURISDICTION**

21
22       3.1.1    Third party defendant Steadfast Insurance Company ("Steadfast") is a Delaware

23   corporation with its principal place of business located in Schaumburg, Illinois.

24       3.1.2    Heffernan Insurance Brokers ("Heffernan") is a California corporation with its

25   principal place of business in Walnut Creek, California.

SECOND AMENDED ANSWER, AFFIRMATIVE DEFENSES,
COUNTERCLAIMS THIRD PARTY COMPLAINT - 10

CV-10-01110-JCC

STEIN, FLANAGAN, SUDWEEKS & HOUSER
901 FIFTH AVENUE, SUITE 3000
SEATTLE, WA 98164
PHONE 206.388.0660   FAX 206.286.2660

3.1.3    Third Party Plaintiff Esplanade Condominium Association ("the Association") is a Washington not-for-profit corporation, and the homeowner association for the Esplanade Condominiums located in Kirkland, Washington.  The Association is the assignee of claims of Spinnaker, Laughlin-Taylor, Robertson, Bell and RSUI against Travelers, Steadfast, and Heffernan, as more fully described below.

3.1.4    The matter in controversy in each of the Association's third party claims against Steadfast and Heffernan exceeds the sum or value of $75,000, exclusive of interest and costs.

3.1.5    Jurisdiction over the Association's claims is proper in this court under 28 U.S.C. §1332(a)(1).

**3.2    FACTS**

3.2.1    The Association commenced suit against codefendants AFECO, AFED, Spinnaker, Robertson, Laughlin-Taylor, and Bell on December 5, 2008 under King County Superior Court Cause No. 08-2-41943-6 SEA ("the underlying lawsuit").  The Complaint alleged that each of the defendants in the underlying lawsuit was liable for deficiencies and defects at the Project, some of which were part of the renovations for conversion, and some of which were from original construction.  The Complaint further alleged that the defects had caused and were continuing to cause property damage to the Project and to personal property of unit owners, and that some of this property damage began during renovations.

3.2.2    On January 5, 2008, defense counsel appeared on behalf of AFECO in the underlying lawsuit.  Defense counsel withdrew effective May 7, 2009.

3.2.3    On June 23, 2009, an Order of Default was entered against Spinnaker in the underlying lawsuit.

SECOND AMENDED ANSWER, AFFIRMATIVE DEFENSES,
COUNTERCLAIMS THIRD PARTY COMPLAINT - 11

CV-10-01110-JCC

STEIN, FLANAGAN, SUDWEEKS & HOUSER
901 FIFTH AVENUE, SUITE 3000
SEATTLE, WA 98164
PHONE 206.388.0660   FAX 206.286.2660

3.2.4   On July 14, 2009, Bell wrote to Heffernan Senior Vice President Yvette Prichard regarding Heffernan's undertaking to tender defense of Spinnaker, AFECO, AFED, Robertson, Laughlin-Taylor and Bell in the underlying lawsuit, specifically noting that general liability carriers should be notified.

3.2.5   By July 16, 2009, in response to Bell, Heffernan undertook to tender the defenses of Spinnaker, AFECO, AFED, Robertson, Laughlin-Taylor and Bell to their insurance carriers.

3.2.6   On the basis of internal communications among its responsible executives and employees, Heffernan was aware by July 16, 2009 that the insurers to which it should tender the defenses of Spinnaker, AFECO, AFED, Robertson, Laughlin-Taylor and Bell included, without limitation, Travelers Insurance Company (general liability) and Public Service Mutual (HOA policy).  Heffernan had bound insurance for AFECO, its affiliates and officers, and the Association with Travelers (general liability), Public Service Mutual (HOA policy), and RSUI (D&O)

3.2.7   By July 27, 2009, Heffernan had tendered the defenses of Spinnaker, AFECO, AFED, Robertson, Laughlin-Taylor and Bell to Public Service Mutual and RSUI.

3.2.8   Despite instructions from Heffernan account executive Lorraine Remigio on July 16, 2009 to Heffernan employee Nuji Ghaznawi and Heffernan Senior Vice President Yvette Prichard to locate the applicable Travelers policy and tender the defenses of Spinnaker, AFECO, AFED, Robertson, Laughlin-Taylor and Bell under that policy, Heffernan negligently failed to tender the defense to Travelers, Steadfast and other general liability insurers until more than four more months had elapsed.

3.2.9   On or about August 18, 2009, Public Service Mutual denied coverage.

SECOND AMENDED ANSWER, AFFIRMATIVE DEFENSES,
COUNTERCLAIMS THIRD PARTY COMPLAINT - 12

CV-10-01110-JCC

STEIN, FLANAGAN, SUDWEEKS & HOUSER
901 FIFTH AVENUE, SUITE 3000
SEATTLE, WA 98164
PHONE 206.388.0660   FAX 206.286.2660

3.2.10  On or about September 18, 2009, RSUI issued a reservation of rights letter in which it undertook to defend AFECO, AFED, Robertson, Laughlin-Taylor and Bell in the underlying lawsuit, but not Spinnaker.

3.2.11  On September 18, 2009, defense counsel of the firm McNaul Ebel, retained by insurer RSUI, appeared for all of the defendants in the underlying action, except Spinnaker. RSUI provided this defense subject to a "wasting" or "defense within limits" term, whereby the limits of insurance available to protect the insureds under RSUI's policy would be decreased by the amount of defense attorney fees and costs incurred.

3.2.12  On October 21, 2009, AFECO executives Art Evans and Steven Fettig inquired of Heffernan executives Yvette Prichard and Lorraine Remigio as to the status of tenders to general liability insurers for AFECO, AFED, and Spinnaker, specifically including Travelers. Heffernan's Yvette Prichard responded that the defenses had "been fully tendered already…"  In fact, no such tenders to Travelers or Steadfast had been made at that time.

3.2.13  On or about November 18, 2009, Heffernan executive Lorraine Remigio gave instructions to a subordinate that the defense of Spinnaker, AFECO, AFED, Robertson, Laughlin-Taylor and Bell be tendered to general liability insurers Travelers, Steadfast, and Colony Insurance.  On information and belief, the matter was tendered to Travelers, Steadfast, and Colony that same day.

3.2.14  On or about November 19, 2009, Heffernan spoke with a Travelers adjuster regarding the tender of defense, and forwarded the Complaint in the underlying lawsuit to Travelers.

SECOND AMENDED ANSWER, AFFIRMATIVE DEFENSES,
COUNTERCLAIMS THIRD PARTY COMPLAINT - 13

CV-10-01110-JCC

STEIN, FLANAGAN, SUDWEEKS & HOUSER
901 FIFTH AVENUE, SUITE 3000
SEATTLE, WA 98164
PHONE 206.388.0660   FAX 206.286.2660

1

2

3

3.2.15  On or about November 20, 2009, Travelers adjuster Brian Skinner wrote a letter to AFECO and to counsel for the Association acknowledging receipt of the claim and advising that he would shortly be contacting them.

4

5

6

7

8

3.2.16  On information and belief, Travelers adjuster Brian Skinner also contacted insurance defense attorney Doug Weigel shortly after receipt of the Complaint in the underlying lawsuit, and advised him to expect to be appointed to defend Travelers' insureds in the underlying lawsuit.

9

10

11

3.2.17  Steadfast insured AFECO and AFED under a policy of general liability insurance, policy number SCO3837217, with effective dates of coverage of January 30, 2002 to January 30, 2007 ("the Steadfast policy.")

12

13

14

15

16

17

18

3.2.18  On or about December 24, 2009, Steadfast issued a letter denying coverage for and defense to AFECO against the Association's claims.  The basis for that denial was the Steadfast adjuster's claim that "the subject policy contains an exclusion for any property damage claims or suits arising out of or in any way connected to residential projects, which includes by definition condominiums and/or condominium conversations [sic]."  In fact, however, the policy in effect from 2002 to 2003 did not contain a residential exclusion, or any other relevant exclusions.

19

20

21

22

23

24

25

3.2.19  The true reason what Steadfast refused to defend under the policies that were in effect from 2002 to 2005 was that it falsely assumed that the policies only covered liabilities arising out of the work of its insureds.  In fact, however, none of Steadfast's policies limit coverage to liabilities arising out of the work of its insureds.  All of the policies cover sums the insureds are legally obligated to pay as damages because of property damage caused by an occurrence.  All of the policies define an "occurrence" very broadly to include, an accident including continuous or repeated exposure to substantially the same general harmful conditions.

SECOND AMENDED ANSWER, AFFIRMATIVE DEFENSES, COUNTERCLAIMS THIRD PARTY COMPLAINT - 14

CV-10-01110-JCC

STEIN, FLANAGAN, SUDWEEKS & HOUSER
901 FIFTH AVENUE, SUITE 3000
SEATTLE, WA 98164
PHONE 206.388.0660  FAX 206.286.2660

Steadfast unreasonably and falsely assumed that its policies only covered liabilities arising from acts or omissions of its insured because it failed to review its own policies prior to denying coverage.

3.2.20  Steadfast understood that the complaint filed against its insureds could be reasonably interpreted to allege that its insureds were liable for the cost of repairing property damage caused by water intrusion that occurred from 2002 to 2006.  Steadfast understood that this alleged liability had nothing to do with its insureds' work, and that the water intrusion from 2002 to 2006 was alleged to have resulted from defects in the original construction of the buildings that were later converted into the Esplanade condominium.  Steadfast understood that the "Residential Exclusion," or "Residential Construction Exclusion" in some of Steadfast's policies could not possibly apply to this alleged liability because the exclusions only applied to claims related to its insureds' work.

3.2.21  The "Residential Exclusion" in the Steadfast policy and relied on by Steadfast to deny a defense to the defendants in the underlying lawsuit states, in pertinent part:

> This policy does not apply to any claim, "suit" or demand seeking damages for "bodily injury," "property damage," "personal injury" or "advertising injury" arising out of or in any way connected to:
>
> 1.      "your work," directly or indirectly, whether ongoing or completed; or
> 2.      "your product";
>
> as respects any work performed in connection with the construction, reconstruction or remodeling of any "residential building."
>
> Residential building means any … residential condominium… including…common…areas.
>
> This exclusion does not apply to apartment buildings that are built for use as rental units.  However, this exception ceases to apply when such rental units are converted to condominium… dwellings.

3.2.22  The Steadfast policy defines "your work" as:

SECOND AMENDED ANSWER, AFFIRMATIVE DEFENSES,
COUNTERCLAIMS THIRD PARTY COMPLAINT - 15

CV-10-01110-JCC

STEIN, FLANAGAN, SUDWEEKS & HOUSER
901 FIFTH AVENUE, SUITE 3000
SEATTLE, WA 98164
PHONE 206.388.0660   FAX 206.286.2660

a.      Work or operations performed by you or on your behalf; and
b.      Materials, parts or equipment furnished in connection with such work or operations.
"Your work" includes:
a.       warranties and representations made at any time with respect to the fitness, quality, durability, performance, or use of "your work"; and
b.      The providing or failure to provide warnings or instructions in connection with such goods or products.

3.2.23  The Steadfast policy defines "your product" to exclude "real property."

3.2.24  Some or all of the property damage alleged to have occurred at Esplanade, and for which the defendants insured by Steadfast are liable, did not involve "your work" or "your product."

3.2.25  Some or all of the property damage alleged to have occurred at Esplanade and for which the defendants insured by Steadfast are liable did not arise out of and was not in any way connected with "your work" or "your product" as respects any work performed in connection with the <u>construction, reconstruction or remodeling</u> of a "residential building."

3.2.26  That the allegations against Steadfast's insureds did not entirely involve "your work" or "your products" was readily apparent from the face of the Associations Complaint, which alleged that "The defects and deficiencies are both in original construction, and in improvements made or contracted for by or on behalf of the Declarant" and that "The defects or deficiencies…have resulted in physical damage to the common elements, limited common elements, and units of [the] Project…"

3.2.27  On January 29, 2010, Weigel asked Travelers adjuster Brian Skinner by email if there had been "Any word on Esplanade?"  Skinner responded "No definitive word yet. Hopefully by the first of next week."

SECOND AMENDED ANSWER, AFFIRMATIVE DEFENSES,
COUNTERCLAIMS THIRD PARTY COMPLAINT - 16

CV-10-01110-JCC

STEIN, FLANAGAN, SUDWEEKS & HOUSER
901 FIFTH AVENUE, SUITE 3000
SEATTLE, WA 98164
PHONE 206.388.0660   FAX 206.286.2660

3.2.28  On March 17, 2010, the Association filed a Motion for Default Judgment against Spinnaker, requesting judgment in excess of $8 million.

3.2.29  On or about March 25, 2010, RSUI retained insurance defense counsel Michaelanne Ehrenberg of the Karr Tuttle firm to represent Spinnaker in the underlying lawsuit. Attorney Ehrenberg successfully moved for leave to defend Spinnaker in the underlying lawsuit, and procured a continuance of the default judgment hearing to May 27, 2010.

3.2.30  Travelers insured AFECO under policies of general liability insurance numbers Y-630458P8977-TIL (effective 6/9/00 through 6/9/05) and Y-630458P8977-TIL-05 (effective 6/9/05 through 6/9/06) and Y-630-5643C761-TIL (effective 10/1/06 through 10/1/10).  Spinnaker was added to Travelers' policy Y-630458P8977-TIL-05 (effective 6/9/05 through 6/9/06) by endorsement.

3.2.31  On April 22, 2010, Travelers finally retained insurance defense counsel to represent AFECO and Spinnaker in the underlying lawsuit.  Travelers did not respond to a specific inquiry, that same day, from appointed insurance defense counsel Doug Weigel about the possible need to defend AFED and the individuals Laughlin-Taylor, Roberts, and Bell.

3.2.32  To date, Travelers has not responded to the tenders or taken any position with respect to coverage for AFED, Laughlin-Taylor, Roberts, and Bell.

3.2.33  On April 23, 2010, Travelers issued a written coverage determination regarding the underlying lawsuit, and in that correspondence agreed to defend Spinnaker and AFECO subject to what it purported to be "a full reservation of rights" to deny coverage.

3.2.34  In the reservation of rights letter of April 23, 2010, Travelers denied coverage to Spinnaker and AFECO under policies Y-630458P8977-TIL, with effective dates of June 9, 2000

SECOND AMENDED ANSWER, AFFIRMATIVE DEFENSES, COUNTERCLAIMS THIRD PARTY COMPLAINT - 17

CV-10-01110-JCC

STEIN, FLANAGAN, SUDWEEKS & HOUSER
901 FIFTH AVENUE, SUITE 3000
SEATTLE, WA 98164
PHONE 206.388.0660   FAX 206.286.2660

through June 9, 2005 because "the property was not owned by A.F. Evans or Spinnaker until 7/28/05, which is after to the expiration of these policies."

3.2.35  There is no requirement in Y-630458P8977-TIL that an insured own any particular property to be entitled to coverage, and under the implied warranty of suitability in the Washington Condominium Act, Spinnaker and AFECO could be held liable for property damage which occurred to property when they did not own it.

3.2.36  In its reservation of rights letter, Travelers noted the entry of a default order against Spinnaker, but did not reserve any right to deny coverage on the basis of that order.  Nor did Travelers contend that it was prejudiced by a late tender of defense.

3.2.37  On May 15, 2010, the parties to the underlying lawsuit engaged in a mediation. Travelers made no settlement offers at the mediation on behalf of its insureds.

3.2.38  On May 28, 2010 court in the underlying lawsuit denied the defendants' motion to set aside the default, denied defense motions for summary dismissal of claims, and entered an order granting default judgment against Spinnaker for $8,081,152.

3.2.39  On July 9, 2010, the parties to the underlying lawsuit engaged in a second mediation.  Travelers made no settlement offers at the mediation on behalf of its insureds.

3.2.40  On July 22, 2010, the parties to the underlying lawsuit settled the Association's claims.  The terms of the settlement include:

-   Entry of judgment against Spinnaker in the amount of $8 million, plus an amount determined by the court as reasonable attorney fees and punitive damages under the CPA (later determined to be $659,417.75).

SECOND AMENDED ANSWER, AFFIRMATIVE DEFENSES, COUNTERCLAIMS THIRD PARTY COMPLAINT - 18

CV-10-01110-JCC

STEIN, FLANAGAN, SUDWEEKS & HOUSER
901 FIFTH AVENUE, SUITE 3000
SEATTLE, WA 98164
PHONE 206.388.0660   FAX 206.286.2660

-      Entry of judgment against the remaining AF Evans defendants in the amount of $7.2 million plus attorney fees and punitive damages under the CPA (later determined to be $659,417.75).

-      In the case of AFECO, the settlement is subject to approval by the Bankruptcy Court.  As to AFECO, there is no covenant not to execute on the judgment.

-.     The judgments are subject to a reasonableness determination to be made by the Superior Court, pursuant to Chaussee v. Maryland Casualty, 60 Wash.App. 504, 803 P.2d 1339 (1991).

-      Judgments against the AF Evans defendants other than AFECO are subject to a covenant not to execute.

-      All payments from any source made toward any of the judgments against any AF Evans defendants are applied to reduce all such judgments.

-      One insurer for some of the AF Evans defendants and the executives (RSUI) paid $1.5 million toward the judgments and secured a release of claims against that insurer by the insureds.

-      The AF Evans defendants and the executives all assigned to the Association all of their rights, including claims for breach of insurance contract and bad faith, against Travelers, Steadfast, and other insurers, as well as all claims against insurance brokers such as Heffernan involved in the tenders of defense.

-      RSUI assigned to the Association its rights of contribution against Travelers, Steadfast, and any other insurers, to recover the cost of defending its insureds.

-      The A.F. Evans executives received a dismissal without prejudice of the Association's claims, and its covenant not to sue.

SECOND AMENDED ANSWER, AFFIRMATIVE DEFENSES,
COUNTERCLAIMS THIRD PARTY COMPLAINT - 19

CV-10-01110-JCC

STEIN, FLANAGAN, SUDWEEKS & HOUSER
901 FIFTH AVENUE, SUITE 3000
SEATTLE, WA 98164
PHONE 206.388.0660   FAX 206.286.2660

- Subject to approval of the bankruptcy court, the judgment against AFECO will be a general unsecured debt of the company in its Chapter 11 proceedings; however, any recoveries from the AFECO estate shall be returned if and to the extent that the Association is made whole in prosecuting assigned claims.

3.2.41  At no time prior to resolution of the claims asserted by the Association in the underlying lawsuit did Travelers or Steadfast make any offers to settle the claims on behalf of their insureds.

3.2.42  Neither Travelers nor Steadfast have paid their shares of the costs incurred by the McNaul Ebel firm or the Karr Tuttle firm to defend their mutual insureds in the underlying lawsuit.

3.2.43  On December 10, 2010, the court in the construction-defect action determined that the proposed stipulated judgment amounts were too high, and that a reasonable stipulated judgment amount would be $5,121,009, consisting of $4,461,592 in repair costs, $514,417 in attorneys' fees, and $145,000 in CPA penalties.  In determining the reasonable judgment amount for repair costs the court accepted the estimate prepared by Travelers' expert, Terry Eggert, that the cost of repairing all of the defects identified by the Association's expert—which included replacement of all siding in order to identify and repair underlying damage—would be $4,461,592.

3.2.44  On November 16, 2011, the court in the construction-defect action entered judgment in favor of the Association against AFECO, AFED, and Spinnaker jointly and severally in the amount of $5,121,009, consisting of $4,461,592 in repair costs, $514,417 in attorneys' fees, and $145,000 in CPA penalties.

SECOND AMENDED ANSWER, AFFIRMATIVE DEFENSES,
COUNTERCLAIMS THIRD PARTY COMPLAINT - 20

CV-10-01110-JCC

STEIN, FLANAGAN, SUDWEEKS & HOUSER
901 FIFTH AVENUE, SUITE 3000
SEATTLE, WA 98164
PHONE 206.388.0660   FAX 206.286.2660

3.2.45  The $4,461,592 repair-cost portion of the judgment is a sum or amount that AFECO, AFED, and Spinnaker are legally obligated to pay as damages because of property damage caused by an occurrence of continuous or repeated exposure to substantially the same general harmful conditions: water intrusion resulting from construction defects.  Such water intrusion has been occurring at the project since the late 1980s or the early 1990s and has caused incremental property damage every year since then.

3.2.46  The $514,417 attorney-fee portion of the judgment is a sum or amount that AFECO, AFED, and Spinnaker are legally obligated to pay as damages because of property damage caused by an occurrence of continuous or repeated exposure to substantially the same general harmful conditions: water intrusion resulting from construction defects.

3.2.47  The court in the construction-defect action also approved a post-judgment interest rate of 12% for the $5,121,009 stipulated judgment.  Steadfast and Travelers' policies require them to pay post-judgment interest in addition to policy limits.

3.2.48  On April 16, 2012, the Association sent a written notice to Travelers and the Washington Insurance Commissioner pursuant to RCW 48.30.015, Washington's Insurance Fair Conduct Act ("IFCA"), regarding Travelers' unreasonable refusal to indemnify Defendants for the $5,121,009 by paying at least one set of per-occurrence policy limits ($1 million) and post-judgment interest that had accrued since the entry of the stipulated judgment for $5,121,009.  The Association requested that Travelers "please resolve the basis for this IFCA claim by paying $1 million in one set of per-occurrence limits and $179,690 in post-judgment interest directly to the Association within 20 days of this letter.

3.2.49  The Association's IFCA letter cited Washington case law and Travelers' policy language and explained that Travelers' insureds (AFECO and Spinnaker) were legally obligated

SECOND AMENDED ANSWER, AFFIRMATIVE DEFENSES,
COUNTERCLAIMS THIRD PARTY COMPLAINT - 21

CV-10-01110-JCC

STEIN, FLANAGAN, SUDWEEKS & HOUSER
901 FIFTH AVENUE, SUITE 3000
SEATTLE, WA 98164
PHONE 206.388.0660   FAX 206.286.2660

by the judgment entered against them to pay $4,461,592 for the cost of repairing all of the property damage at the project caused by continuous or repeated exposure to water intrusion, and that Travelers' policies covered all such liabilities regardless of whether or not they were caused by any act or omission of Travelers' insureds.

3.2.50  On May 30, 2012, Travelers responded to the Association's IFCA notice.  Despite the clear language of its policies and the clear legal authorities cited in the IFCA letter, Travelers ignored the language of its own policies and clear legal authority and continued to misrepresent that its policies limited coverage to "property damage caused by an act or omission of Travelers' insureds."

### 3.3     COUNTERCLAIMS AGAINST TRAVELERS

#### 3.3.1   Breach of Contract

3.3.1.1 The Association re-alleges and incorporates by reference paragraphs 1.1 through 3.3.2.40 above.

3.3.1.2 By denying coverage and a defense to AFECO, Spinnaker and/or Laughlin-Taylor, Robertson and Bell under its policy number Y-630458P8977-TIL (effective dates of June 9, 2000 through June 9, 2005), and by failing to indemnify AFECO and Spinnaker for the judgment entered against them for $5,121,009, Travelers breached its policy of insurance, proximately causing damage in the full amount of the stipulated judgments or an amount to be proved at trial.

3.3.1.3 By failing to defend AFECO, Spinnaker, Laughlin-Taylor, Robertson and Bell in a timely manner, by failing to offer to settle claims against them, by failing to pay its share of defense costs for them under its remaining policies of insurance, and by failing to indemnify AFECO and Spinnaker for the judgment entered against them for $5,121,009, Travelers breached

SECOND AMENDED ANSWER, AFFIRMATIVE DEFENSES,
COUNTERCLAIMS THIRD PARTY COMPLAINT - 22

CV-10-01110-JCC

STEIN, FLANAGAN, SUDWEEKS & HOUSER
901 FIFTH AVENUE, SUITE 3000
SEATTLE, WA 98164
PHONE 206.388.0660   FAX 206.286.2660

one or more of its policies of insurance, proximately causing damage in the full amount of the stipulated judgments or an amount to be proved at trial.

3.3.1.4 Travelers is liable for breaching its policies regardless of whether other insurers may have paid to defend Spinnaker, Laughlin-Taylor, Robertson and Bell in the Underlying Lawsuit under <u>Ledcor Indus. (USA), Inc. v. Mut. of Enumclaw Ins. Co.</u>, 150 Wn. App. 1, 9 (2009), <u>Western Pacific Ins. Co. v. Farmers Ins. Exchange</u>, 69 Wn.2d 11, 18 (1966), <u>Clow v. National Indem. Co.</u>, 54 Wn.2d 198, 207-208 (1959), the collateral source rule, and other applicable law.

3.3.1.5 As a further result of its breaches of contract, Travelers – regardless of whether its breaches of contract were in bad faith – is barred under <u>Nautilus, Inc. v. Transamerica Title Ins. Co.</u>, 13 Wn.App. 345 (1975) from segregating the settlement and/or judgment in the Underlying Lawsuit between covered and allegedly uncovered claims.

3.3.1.6 As a further result of its denial of coverage and defense, Travelers is estopped from claiming that Spinnaker, Laughlin-Taylor, Robertson and/or Bell breached the policy by impairing the Travelers' recovery rights under <u>Vision One, LLC et al. v. Philadelphia Ind. Ins. Co.</u>, ___ Wn.App. ___ (Wash. App., October 19, 2010).

### 3.3.2   Tort of Bad Faith

3.3.2.1 The Association re-alleges and incorporates by reference paragraphs 1.1 through 3.3.1.6 above.

3.3.2.2 Travelers acted unreasonably in adjusting Spinnaker's, Laughlin-Taylor's, Bell's, and Robertson's claims by failing or refusing to defend, and/or failing in a timely way to defend, and/or by refusing to settle or attempt to settle claims, and by refusing to indemnify its insureds for the judgment entered against them for $5,121,009, and thereby acted in bad faith, proximately

SECOND AMENDED ANSWER, AFFIRMATIVE DEFENSES, COUNTERCLAIMS THIRD PARTY COMPLAINT - 23

CV-10-01110-JCC

STEIN, FLANAGAN, SUDWEEKS & HOUSER
901 FIFTH AVENUE, SUITE 3000
SEATTLE, WA 98164
PHONE 206.388.0660   FAX 206.286.2660

causing harm to Spinnaker, Laughlin-Taylor, Bell, and Robertson in the full amount of the covenant judgment and/or an amount to be proven at trial.

3.3.2.3 Travelers acted unreasonably in refusing to defend, and/or failing in a timely way to defend, and/or by refusing to settle or attempt to settle claims, and thereby acted in bad faith, proximately causing harm to Spinnaker, Laughlin-Taylor, Bell, and Robertson in the full amount of the covenant judgment and/or an amount to be proven at trial.

### 3.3.3   Coverage by Estoppel

3.3.3.1 The Association re-alleges and incorporates by reference paragraphs 1.1 through 3.3.2.3 above.

3.3.3.2 By reason of its bad faith conduct, Travelers is estopped from asserting any coverage defenses, even if such defenses would have barred coverage in the absence of Travelers' bad faith conduct or delay.

### 3.3.4   Violation of Claims Handling Regulations

3.3.4.1 The Association re-alleges and incorporates by reference paragraphs 1.1 through 3.3.3.2 above.

3.3.4.2 By refusing to defend, indemnify, investigate and/or settle the Underlying Lawsuit against Spinnaker, Laughlin-Taylor, Bell, and Robertson, Travelers violated RCW 48.01.030 and numerous provisions of WAC 284-30 *et seq.*

3.3.4.3 Without limitation, Travelers violated the following provisions of WAC 284-30 *et seq.*:

(a)     WAC 284-30-330(1), by misrepresenting facts and insurance policy provisions;

(b)     WAC 284-30-330(2), failing to acknowledge and act reasonably promptly upon communications with respect to claims arising under insurance policies;

SECOND AMENDED ANSWER, AFFIRMATIVE DEFENSES, COUNTERCLAIMS THIRD PARTY COMPLAINT - 24

CV-10-01110-JCC

STEIN, FLANAGAN, SUDWEEKS & HOUSER
901 FIFTH AVENUE, SUITE 3000
SEATTLE, WA 98164
PHONE 206.388.0660   FAX 206.286.2660

(c)     WAC 284-30-330(3), by failing to adopt and implement reasonable standards for the prompt investigation of claim occurring within Washington State;

(d)     WAC 284-30-330(4), by refusing to pay claims without conducting a reasonable investigation;

(e)     WAC 284-30-330(6), by failing to attempt any settlement of the claims against its insureds;

(f)     WAC 284-30-330(13), by failing to promptly provide reasonable explanation of the basis in the insurance policy in relation to the facts or applicable law of a denial of a claim;

(g)     WAC 284-30-350 by failing to disclose all pertinent benefits, overages, and other provisions of the policy pertinent to the claims;

(h)     WAC 284-30-360(1), by failing to respond to correspondence requiring a response within 10 days;

(i)     WAC 284-30-360(2), by failing to timely acknowledge and act reasonably promptly on communications with respect to claims;

(j)     WAC 284-30-370, by unreasonably failing to complete its investigation within thirty days after receiving notice of claims for coverage.

3.3.4.4 These violations have caused Spinnaker, Laughlin-Taylor, Bell, and Robertson damage in an amount to be determined at trial, but which is presumed to be the amount of the covenant judgment, absent a showing of fraud or collusion.

### 3.3.5   Violation of Consumer Protection Act

3.3.5.1 The Association re-alleges and incorporates by reference paragraphs 1.1 through 3.3.4.4 above.

SECOND AMENDED ANSWER, AFFIRMATIVE DEFENSES,
COUNTERCLAIMS THIRD PARTY COMPLAINT - 25

CV-10-01110-JCC

STEIN, FLANAGAN, SUDWEEKS & HOUSER
901 FIFTH AVENUE, SUITE 3000
SEATTLE, WA 98164
PHONE 206.388.0660   FAX 206.286.2660

3.3.5.2 Travelers' conduct, including their violations of the WACs, also violated the Washington Consumer Protection Act as set forth at RCW 19.86 *et seq.*

3.3.5.3 By reason of Travelers' violations of the Washington Consumer Protection Act, the Association as assignee of Spinnaker, Laughlin-Taylor, Robertson and Bell is entitled to punitive damages as set forth therein, in addition to actual damages, attorney's fees and other expenses of this litigation.

### 3.3.6   Negligence

3.3.6.1 The Association re-alleges and incorporates by reference paragraphs 1.1 through 3.3.5.3 above.

3.3.6.2 Travelers failed to exercise reasonable care in investigating and/or deciding whether to defend or settle the claims in the Underlying Lawsuit.  Travelers thereby negligently breached contractual, common law, and statutory duties under RCW 48.01.030 and WAC 284-30 *et seq.*

3.3.6.3 Travelers' negligence has directly and proximately caused Spinnaker, Laughlin-Taylor, Robertson and Bell damage in an amount to be determined at trial, but which is presumed to be the amount of the covenant judgment, absent a showing of fraud or collusion.

### 3.3.7   Equitable Contribution

3.3.7.1 The Association re-alleges and incorporates by reference paragraphs 1.1 through 3.3.6.3 above.

3.3.7.2 Travelers, along with other insurers, including Steadfast and RSUI, were obligated to defend Spinnaker, Laughlin-Taylor, Robertson and Bell against the claims in the Underlying Lawsuit, but wrongfully failed to do so.

SECOND AMENDED ANSWER, AFFIRMATIVE DEFENSES, COUNTERCLAIMS THIRD PARTY COMPLAINT - 26

CV-10-01110-JCC

STEIN, FLANAGAN, SUDWEEKS & HOUSER
901 FIFTH AVENUE, SUITE 3000
SEATTLE, WA 98164
PHONE 206.388.0660   FAX 206.286.2660

3.7.3 RSUI paid for the defense of Spinnaker, Laughlin-Taylor, Robertson and Bell in the Underlying Lawsuit.

3.3.7.4 Because RSUI, Travelers and Steadfast each were required to defend Spinnaker, Laughlin-Taylor, Robertson and Bell, the Association as assignee of RSUI's rights of contribution is entitled to a determination and award of Travelers' and Steadfasts' obligation to contribute to the total cost of defending Spinnaker, Laughlin-Taylor, Robertson and Bell as required by their respective policies.

### 3.3.8    Violations of  the Insurance Fair Conduct Act ("IFCA")

3.3.8.1  Defendants re-allege and incorporate by reference paragraphs 1.1 through 3.3.7.4 above.

3.3.8.2  Travelers unreasonably denied a claim for coverage or payment of benefits owed to a first party claimant.

3.3.8.3  The Association as assignee of AFECO and Spinnaker provided Travelers and the insurance commissioner with at least twenty days written notice of the basis for this cause of action.  Travelers failed to resolve the basis for this action within the twenty-day notice period.

3.3.8.4  As a result of Travelers' unreasonable denial and failure to cure its unreasonable denial Defendants have been harmed in an amount to be proven at trial.  Pursuant to RCW 48.30.015, as result of Travelers' IFCA violations Defendants are entitled to reasonable attorneys' fees and actual and statutory litigation costs, including expert witness fees.  In addition, Defendants request an award of discretionary damages pursuant to RCW 48.30.015 in an amount not to exceed three times actual damages.

## 3.4     THIRD PARTY CLAIM AGAINST HEFFERNAN INSURANCE BROKERS

### 3.4.1    Professional Negligence

STEIN, FLANAGAN, SUDWEEKS & HOUSER
901 FIFTH AVENUE, SUITE 3000
SEATTLE, WA 98164
PHONE 206.388.0660   FAX 206.286.2660

3.4.1.1 Heffernan assumed the duty under California law of tendering the defense of answering defendants against claims made in the underlying lawsuit to all insurance carriers who might provide coverage or a defense against such claims by agreeing to do so.  Heffernan held itself out as willing and able to make such tenders on behalf of answering defendants.

3.4.1.2 Heffernan expressly represented that it had in fact made tenders to general liability insurers such as Travelers and Steadfast when in fact it had not.

3.4.1.3 Heffernan negligently failed to tender the defense of answering defendants to Travelers and Steadfast for more than four months.

3.4.1.4  In the event that it is determined that no tenders of defense were made on behalf of some or all of Travelers' and/or Steadfast's insureds, the Association contends that such failure to tender was the result of negligence on Heffernan's part.

3.4.1.5 The Association contends that any delay in tender did not prejudice Travelers or Steadfast, or prevent them from undertaking a timely and effective defense of answering defendants.  In the alternative, however, the Association alleges that if the delay in tender did prejudice Travelers or Steadfast, such prejudice is due to the negligence of Heffernan, and that as a direct and proximate result, answering defendants have suffered damage in the amount of the consent judgment and/or an amount to be determined at trial.

3.4.1.6  The Association contends that proper tenders of defense were made to Travelers and Steadfast on behalf of all insureds herein, and that any reasonable insurer would have been on notice that the Association had sued other insureds under the subject policies, and made reasonable follow-up inquiry.  In the alternative, however, the Association alleges that if any of Travelers' and/or Steadfast's insureds herein failed to tender their defense, such failure is due to the negligence of Heffernan, and that as a direct and proximate result, answering defendants have

SECOND AMENDED ANSWER, AFFIRMATIVE DEFENSES,
COUNTERCLAIMS THIRD PARTY COMPLAINT - 28

CV-10-01110-JCC

STEIN, FLANAGAN, SUDWEEKS & HOUSER
901 FIFTH AVENUE, SUITE 3000
SEATTLE, WA 98164
PHONE 206.388.0660   FAX 206.286.2660

suffered damage in the amount of the consent judgment and/or an amount to be determined at trial.

### 3.4.2   Breach of Contract

3.4.2.1 Under applicable California law, Heffernan contracted with AFECO and/or the answering defendants to tender the defense of AFECO and answering defendants against claims made in the underlying lawsuit to all insurance carriers who might provide coverage or a defense against such claims.  Answering defendants were the direct or third party beneficiaries of said contract.

3.4.2.1 Heffernan breached its contract by failing to promptly tender the defense of answering defendants to Travelers and Steadfast for more than four months and/or failing to tender the defense of one or more of Travelers' and/or Steadfast's insureds.

3.4.2.3 The Association contends that any delay in tender did not prejudice Travelers or Steadfast, or prevent them from undertaking a timely and effective defense of answering defendants.  In the alternative, however, the Association alleges that if the delay in tender did prejudice Travelers or Steadfast, such prejudice is due to Heffernan's breach of contract, and that as a direct and proximate result, answering defendants have suffered damage in the amount of the consent judgment and/or an amount to be determined at trial.

3.4.2.4 The Association contends that proper tenders of defense were made to Travelers and Steadfast on behalf of all insureds herein.  In the alternative, however, the Association alleges that if any of Travelers' and/or Steadfast's insureds herein failed to tender their defense, such failure is due to Heffernan's breach of contract, and that as a direct and proximate result, answering defendants have suffered damage in the amount of the consent judgment and/or an amount to be determined at trial.

SECOND AMENDED ANSWER, AFFIRMATIVE DEFENSES, COUNTERCLAIMS THIRD PARTY COMPLAINT - 29

CV-10-01110-JCC

STEIN, FLANAGAN, SUDWEEKS & HOUSER
901 FIFTH AVENUE, SUITE 3000
SEATTLE, WA 98164
PHONE 206.388.0660   FAX 206.286.2660

**3.5     THIRD PARTY CLAIMS AGAINST STEADFAST**

  **3.5.1   Breach of Contract**

  3.5.1.1 The Association re-alleges and incorporates by reference paragraphs 1.1 through 3.4.2.4 above.

  3.5.1.2 By denying coverage and a defense to AFECO, AFED and/or Laughlin-Taylor, Robertson and Bell under its policy number SCO 387217 (effective dates of coverage of January 30, 2002 to January 30, 2007), Steadfast breached its policy of insurance, proximately causing damage in the full amount of the stipulated judgments or an amount to be proved at trial.

  3.5.1.3 By failing to defend AFECO, AFED, Laughlin-Taylor, Robertson and Bell, by failing to offer to settle claims against them, by failing to pay its share of defense costs for them under its remaining policies of insurance, and by refusing to indemnify AFECO and AFED for the $5,121,009 judgment entered against them, Steadfast has breached its policy of insurance, proximately causing damage in the full amount of the stipulated judgments or an amount to be proved at trial.

  3.5.1.4 Steadfast is liable for breaching its policies regardless of whether other insurers may have paid to defend AFED, Laughlin-Taylor, Robertson and Bell in the Underlying Lawsuit under Ledcor Indus. (USA), Inc. v. Mut. of Enumclaw Ins. Co., 150 Wn. App. 1, 9 (2009), Western Pacific Ins. Co. v. Farmers Ins. Exchange, 69 Wn.2d 11, 18 (1966), Clow v. National Indem. Co., 54 Wn.2d 198, 207-208 (1959), the collateral source rule, and other applicable law.

  3.5.1.5 As a further result of its breaches of contract, Steadfast – regardless of whether its breaches of contract were in bad faith – is barred under Nautilus, Inc. v. Transamerica Title Ins. Co., 13 Wn.App. 345 (1975) from segregating the settlement and/or judgment in the Underlying Lawsuit between covered and allegedly uncovered claims.

SECOND AMENDED ANSWER, AFFIRMATIVE DEFENSES, COUNTERCLAIMS THIRD PARTY COMPLAINT - 30

CV-10-01110-JCC

STEIN, FLANAGAN, SUDWEEKS & HOUSER
901 FIFTH AVENUE, SUITE 3000
SEATTLE, WA 98164
PHONE 206.388.0660   FAX 206.286.2660

3.5.1.6 As a further result of its denial of coverage and failure to defend, Steadfast is estopped from claiming that AFED, Laughlin-Taylor, Robertson and/or Bell breached the policy by impairing Steadfast's recovery rights under Vision One, LLC et al. v. Philadelphia Ind. Ins. Co., ___ Wn.App. ___ (Wash. App., October 19, 2010).

### 3.5.2   Tort of Bad Faith

3.5.2.1 The Association re-alleges and incorporates by reference paragraphs 1.1 through 3.5.1.6 above.

3.5.2.2 Steadfast acted unreasonably in adjusting AFECO's, AFED's, Laughlin-Taylor's, Bell's, and Robertson's claims by failing or refusing to defend, and/or failing in a timely way to defend, and/or by refusing to settle or attempt to settle claims, and thereby acted in bad faith, proximately causing harm to AFED, Laughlin-Taylor, Bell, and Robertson in the full amount of the covenant judgment and/or an amount to be proven at trial.

3.5.2.3 Steadfast acted unreasonably in failing and refusing to defend, and/or failing in a timely way to defend, and/or by refusing to settle or attempt to settle claims, and/or by refusing to indemnify AFECO and AFED for the $5,121,009 judgment entered against them, and thereby acted in bad faith, proximately causing harm AFED, Laughlin-Taylor, Bell, and Robertson in the full amount of the covenant judgment and/or an amount to be proven at trial.

### 3.5.3   Coverage by Estoppel

3.5.3.1 The Association re-alleges and incorporates by reference paragraphs 1.1 through 3.5.2.3 above.

3.5.3.2 By reason of its bad faith conduct, Steadfast is estopped from asserting any coverage defenses, even if such defenses would have barred coverage in the absence of Steadfast's bad faith conduct or delay.

STEIN, FLANAGAN, SUDWEEKS & HOUSER
901 FIFTH AVENUE, SUITE 3000
SEATTLE, WA 98164
PHONE 206.388.0660   FAX 206.286.2660

### 3.5.4    Violation of Claims Handling Regulations

3.5.4.1 The Association re-alleges and incorporates by reference paragraphs 1.1 through 3.5.2.3 above.

3.5.4.2 By refusing to defend, indemnify, investigate and/or settle the Underlying Lawsuit against AFECO, AFED, Laughlin-Taylor, Bell, and Robertson, Steadfast violated RCW 48.01.030 and numerous provisions of WAC 284-30 *et seq.*

3.3.4.3 Without limitation, Steadfast violated the following provisions of WAC 284-30 *et seq.*:

(a)    WAC 284-30-330(1), by misrepresenting facts and insurance policy provisions;

(b)    WAC 284-30-330(2), failing to acknowledge and act reasonably promptly upon communications with respect to claims arising under insurance policies;

(c)    WAC 284-30-330(3), by failing to adopt and implement reasonable standards for the prompt investigation of claim occurring within Washington State;

(d)    WAC 284-30-330(4), by refusing to pay claims without conducting a reasonable investigation;

(e)    WAC 284-30-330(6), by failing to attempt any settlement of the claims against its insureds;

(f)    WAC 284-30-330(13), by failing to promptly provide reasonable explanation of the basis in the insurance policy in relation to the facts or applicable law of a denial of a claim;

(g)    WAC 284-30-350 by failing to disclose all pertinent benefits, overages, and other provisions of the policy pertinent to the claims;

(h)    WAC 284-30-360(1), by failing to respond to correspondence requiring a response within 10 days;

STEIN, FLANAGAN, SUDWEEKS & HOUSER
901 FIFTH AVENUE, SUITE 3000
SEATTLE, WA 98164
PHONE 206.388.0660   FAX 206.286.2660

(i)      WAC 284-30-360(2), by failing to timely acknowledge and act reasonably promptly on communications with respect to claims;

(j)      WAC 284-30-370, by unreasonably failing to complete its investigation within thirty days after receiving notice of claims for coverage.

3.5.4.4 These violations have caused Steadfast, Laughlin-Taylor, Bell, and Robertson damage in an amount to be determined at trial, but which is presumed to be the amount of the covenant judgment, absent a showing of fraud or collusion.

### 3.5.5      Violation of Consumer Protection Act

3.5.5.1 The Association re-alleges and incorporates by reference paragraphs 1.1 through 3.5.4.4 above.

3.5.5.2 Steadfast's conduct, including its violations of the WACs, also violated the Washington Consumer Protection Act as set forth at RCW 19.86 *et seq.*

3.3.5.3 By reason of Steadfast's violations of the Washington Consumer Protection Act, the Association as assignee of AFED, Laughlin-Taylor, Robertson and Bell is entitled to punitive damages as set forth therein, in addition to actual damages, attorney's fees and other expenses of this litigation.

### 3.5.6      Negligence

3.3.6.1 The Association re-alleges and incorporates by reference paragraphs 1.1 through 3.5.5.3 above.

3.5.6.2 Steadfast failed to exercise reasonable care in investigating and/or deciding whether to defend or settle the claims in the Underlying Lawsuit.  Steadfast thereby negligently breached contractual, common law, and statutory duties under RCW 48.01.030 and WAC 284-30 *et seq.*

SECOND AMENDED ANSWER, AFFIRMATIVE DEFENSES,
COUNTERCLAIMS THIRD PARTY COMPLAINT - 33

CV-10-01110-JCC

STEIN, FLANAGAN, SUDWEEKS & HOUSER
901 FIFTH AVENUE, SUITE 3000
SEATTLE, WA 98164
PHONE 206.388.0660   FAX 206.286.2660

3.5.6.3 Steadfast's negligence has directly and proximately caused AFECO, AFED, Laughlin-Taylor, Robertson and Bell damage in an amount to be determined at trial, but which is presumed to be the amount of the covenant judgment, absent a showing of fraud or collusion.

### 3.5.7    Equitable Contribution

3.3.7.1 The Association re-alleges and incorporates by reference paragraphs 1.1 through 3.5.6.3 above.

3.5.7.2 Steadfast, along with other insurers, including Travelers and RSUI, were obligated to defend AFECO, AFED, Laughlin-Taylor, Robertson and Bell against the claims in the Underlying Lawsuit, but wrongfully failed to do so.

3.5.7.3 RSUI paid for the defense of AFECO, AFED, Spinnaker, Laughlin-Taylor, Robertson and Bell in the Underlying Lawsuit.

3.5.7.4 Because RSUI, Travelers and Steadfast each were required to defend AFED, Laughlin-Taylor, Robertson and Bell, the Association as assignee of RSUI's rights of contribution is entitled to a determination and award of Travelers' and Steadfasts' obligation to contribute to the total cost of defending AFECO, AFED, Spinnaker, Laughlin-Taylor, Robertson and Bell as required by their respective policies.

## PRAYER FOR RELIEF

WHEREFORE, answering defendants prays for relief as follows:

1.       A declaration consistent with the pleadings herein that Travelers and Steadfast are estopped from denying coverage, estopped to assert policy limits, and have forfeited all rights of subrogation;

2.       An award of all damages legally available as a result of the breach, acts, and/or omissions of Travelers and Steadfast;

---

SECOND AMENDED ANSWER, AFFIRMATIVE DEFENSES, COUNTERCLAIMS THIRD PARTY COMPLAINT - 34

CV-10-01110-JCC

STEIN, FLANAGAN, SUDWEEKS & HOUSER
901 FIFTH AVENUE, SUITE 3000
SEATTLE, WA 98164
PHONE 206.388.0660   FAX 206.286.2660

3.      An award of limited punitive damages under Washington's Consumer Protection Act (Chapter 19.86 RCW) against Travelers and Steadfast;

4.      An award of all sums agreed upon in settlement and the stipulated judgment in the Underlying Action against Travelers and/or Steadfast and/or Heffernan, jointly and severally;

5.      An award of pre- and post-judgment interest against Travelers and/or Steadfast and/or Heffernan, jointly and severally as allowed by law;

6.      An award of costs and attorney fees incurred for the defense of answering defendants in the Underlying Lawsuit against Travelers and Steadfast;

7.      An award of attorney fees and other costs of litigation against Travelers and Steadfast pursuant to *Olympic Steamship, Inc. v. Centennial Insurance Co.*, 117 Wn.2d 37, 811 P.2d 673 (1991), Chapter 19.86 RCW, and Chapter 48.30 RCW;

8.      An award of attorney fees based on the tort of bad faith and violation of the Washington Consumer Protection Act against Travelers and Steadfast;

9.      An award of damages, reasonable attorneys' fees and actual and statutory litigation costs, including expert witness fees for IFCA violations pursuant to RCW 48.30.015 together with a discretionary award of exemplary damages in an amount equal to three times actual damages.

10.     Such other and further relief as the Court deems just and equitable.

DATED this 8th day of June, 2012.

                                        STEIN, FLANAGAN, SUDWEEKS & HOUSER, PLLC


                                        ___/s/ Daniel S. Houser_____
                                        Leonard Flanagan, WSBA 20966
                                        Justin Sudweeks, WSBA 28755
                                        Daniel S. Houser, WSBA 32327

SECOND AMENDED ANSWER, AFFIRMATIVE DEFENSES, COUNTERCLAIMS THIRD PARTY COMPLAINT - 35

CV-10-01110-JCC

STEIN, FLANAGAN, SUDWEEKS & HOUSER
901 FIFTH AVENUE, SUITE 3000
SEATTLE, WA 98164
PHONE 206.388.0660   FAX 206.286.2660

Attorneys for Defendants AF Evans Company; AFE
Spinnaker; AF Evans Development Inc.; Richard Bell;
Jack Robertson; Tory Laughlin Taylor; and Esplanade
Condominium Association

SECOND AMENDED ANSWER, AFFIRMATIVE DEFENSES,
COUNTERCLAIMS THIRD PARTY COMPLAINT - 36

CV-10-01110-JCC

STEIN, FLANAGAN, SUDWEEKS & HOUSER
901 FIFTH AVENUE, SUITE 3000
SEATTLE, WA 98164
PHONE 206.388.0660   FAX 206.286.2660